FRANK N. HOFFSTOT and Others, Plaintiffs, *v.* FIFTH AVENUE HOSPITAL OF CITY OF NEW YORK, Defendant.

Supreme Court, New York County, March 19, 1931.

*Whitman, Ransom, Coulson & Goetz* [*Charles S. Whitman, C. E. Williams* and *J. J. Kerwin* of counsel], for the plaintiffs.

*Cotton, Brenner & Wrigley* [*Joseph B. Cotton* and *S. Brenner* of counsel], for the defendant.

SCHMUCK, J.   At first flush this controversy seemingly involves an acrimonious difference between two great schools of medicine, and apparently requires a careful and intensive study of allopathy and homeopathy, particularly as to the difference existing in their respective pharmacopœia, in order to determine what complainable harm has been done these plaintiffs.   And yet, after the evidence has been thoroughly digested, the tumultuous difficulty, at least so far as the parties to this litigation are concerned, disappears, for common sense, the bedrock of law, points the way to satisfactory solution.

A *précis* of the testimony elicited establishes that these four plaintiffs, protagonists of homeopathy, desiring to assist the project whereby the Hahnemann Hospital and the Laura Franklin Free Hospital for Children were to be consolidated, resulting in a new, more modern, and more ambitious hospital, readily assented to solicitations for financial aid, believing that the purpose was to provide a more commodious home for homeopathy.   Unreservedly, and in one instance with great emphasis, they declared that, had any intimations been given them that the Fifth Avenue Hospital was to be otherwise than exclusively homeopathic, they would not have endowed the institution by providing funds for the maintenance of private rooms.   It is interesting to note that, although the two

institutions provided approximately $2,500,000, the present hospital would not have come into being without the devoted and unsparing efforts of those whose conduct is now impugned as deceptive and requiring corrective measures. Dispassionately considered, the voluminous evidence adduced fails to establish that the Fifth Avenue Hospital is being conducted in direct and intentional opposition to and in derogation of homeopathy. While it cannot be denied that the present management of the Fifth Avenue Hospital is disappointing to ardent disciples of homeopathy, yet it is equally true that homeopathy is not forbidden or restricted within its precincts. Nowhere in the evidence does it appear that treatment other than homeopathic was given to those who desired it or that, if requested, it was refused. So far as the rooms provided for and endowed by the funds of these plaintiffs are concerned, the evidence fails to show that, when used by the donors or their designees, the practitioner was other than their own selection and the treatment other than that desired by the patient.

Without determining whether the trustees exceeded their authority in changing the controlling medical personnel from dominant homeopathic to what is euphemistically called "nonsectarian or open shop," and thus acted in violation of section 51 of the Membership Corporations Law, and disregarding the legal questions involved calling for a determination of the rights of contributors to regulate the management and operation of charitable institutions, it seems that this litigation can be disposed of by the determination as a fact that the present conduct of the Fifth Avenue Hospital is not in contravention of the original purposes of the Hahnemann and Laura Franklin Hospitals. When the heat of battle is past and all irritability allayed, these plaintiffs, and all those personally interested in homeopathy, may not only approve but gladly welcome the broad-minded principle guiding the destinies of the institution. So long as these rooms, endowed by these plaintiffs in accordance with their wishes, are restricted to the use of those who desire homeopathic treatment, no reason for complaint rests with them. If the hospital is being conducted in violation of its charter, neither the plaintiffs, homeopathic physicians refused access, nor a society interested in homeopathy will be heard to complain, at least by a court of equity wherein injunctive relief is sought.

From the viewpoint herein enunciated, it follows that the court decides that until it becomes indisputable that the medical profession has discarded the Hahnemann principle of *similia similibus curantur*, the rooms endowed by these plaintiffs must be used solely for homeopathic patients. Submit decision and judgment accordingly. No costs.